SPIEGEL *v.* STRAW.

1. ANIMALS—DISTRAINT OF ANIMALS AT LARGE—HIGHWAYS AND STREETS—STATUTES.

Under 2 Comp. Laws 1915, § 7287, the owner and occupant of land may distrain animals which are running at large in the highway opposite his land.

2. SAME—HIGHWAYS AND STREETS—AGENCY.

The owner and occupant of land who has the right to distrain animals which are in a highway opposite his land may do so either himself or by his authorized agent.

3. SAME.

Where a wife occupying land with her husband distrains animals running at large in the highway opposite the

premises as an authorized agent of her husband it is immaterial whether she is an occupant of land within 2 Comp. Laws 1915, § 7287, so as to be personally authorized to distrain such animals.

4. SAME—DISTRAINT—REGULARITY OF PROCEEDINGS—STATUTES.

The regularity of proceedings for the distraint of an animal taken while running at large in a highway cannot be tested in an action of trover, and can only be tested in the special action of replevin provided by 3 Comp. Laws 1915, § 13117 *et seq.*

5. SAME—EVIDENCE.

The price at which cattle are sold in distraint proceedings is some evidence of their value.

6. APPEAL AND ERROR — EVIDENCE — ADMISSIBILITY — HARMLESS ERROR.

In an action of trover for the distraining of cattle, any error in the admission of evidence as to the price at which the cattle were sold is harmless where the question of the value of the animals is not reached by the jury.

7. SAME—TRIAL—INSTRUCTIONS—HARMLESS ERROR.

The admission of evidence of the distraint proceedings taken by defendant for the purpose of showing their regularity was harmless where the court, in its charge, told the jury repeatedly that the only question for their determination was whether the cattle were running at large and did not submit the question of regularity or want of regularity of the proceedings to the jury.

8. SAME.

In an action of trover for cattle distrained, the objection that the trial court gave undue prominence to the testimony of defendant's wife, who had shut up the cattle, and did not call attention to the fact that the testimony of plaintiff's hired man, who disputed her, was corroborated by other witnesses, was untenable, where, although the court in one part of its charge did state the claim of defendant as testified to by his wife and the claim of plaintiff as testified to by plaintiff's hired man and said, "There is the testimony of the two," he later in the charge again mentioned the conflict between the two witnesses, and called attention to the fact that testimony had been given by both parties tending to corroborate the testimony of each, as the charge must be considered in its entirety, and, when so considered, was sufficient.

9. ANIMALS — RESTRAINT OF ANIMALS AT LARGE — OWNER'S
KNOWLEDGE.

    Where cattle are running at large in a highway they are
    subject to restraint, irrespective of knowledge thereof or
    negligence on the part of the owner.

Error to Genesee; Stevens, J. Submitted April 9,
1917. (Docket No. 97.) Decided May 31, 1917.

Trover by Frederick F. Spiegel against Albert D.
Straw for the conversion of certain cattle. Judgment
for defendant. Plaintiff brings error. Affirmed.

    *Daniel Heims,* for appellant.

    *Clarence Tinker,* for appellee.

FELLOWS, J. The parties to this litigation are the
same as in case No. 27606, handed down herewith.
*Spiegel* v. *Straw, ante,* 576 (163 N. W. 2). This case,
like that one, is trover for beasts distrained, and in-
volves five head of cattle. The circumstances of shut-
ting the cattle up is in conflict; the plaintiff claims
they were upon the highway opposite defendant's land
when taken by defendant's wife, but claims they were
not running at large, while she claimed they were on
the premises owned by her husband. The court sub-
mitted the question to the jury as to whether the cattle
were running at large, and charged that if they were,
or were trespassing on defendant's premises he was
entitled to a verdict; otherwise, the plaintiff was en-
titled to recover their value. The jury found for the
defendant, and plaintiff brings the case here.

    The defendant was the owner and occupant of the
land opposite the highway where the cattle were, if
they were in the highway as claimed by plaintiff. If
they were running at large, defendant had a right to
distrain them. Section 5608, 2 Comp. Laws (2 Comp.
Laws 1915, § 7287). If defendant had the right to
distrain them, he could do so, either by his own act or

that of his duly authorized agent. It was, therefore, competent for him to prove that his wife, in shutting up the cattle in his absence, did so pursuant to his directions and instructions, and, having proved this without dispute, the interesting question of whether a wife occupying land with her husband is an occupant of the land, within the meaning of the statute above cited, becomes unimportant. Within 12 hours defendant ratified the acts of his wife by causing written notice of the distraint to be served on the plaintiff.

The plaintiff, having had notice that defendant had distrained his cattle, should have brought the special action of replevin under the statute, if he desired to test the regularity of the proceedings. He cannot do so in an action of trover. It will be unnecessary for us to repeat what we have already said on this subject in the other case.

Error is assigned on the admission of testimony showing what the cattle sold for. If the jury had reached the question of damages, this would be some evidence of value; but, that question not having been reached by the jury, we cannot understand how plaintiff can claim to have been injured by this evidence.

The defendant, over plaintiff's objection, gave evidence of the proceedings taken by him for the purpose of showing regularity thereof. As the court in his charge told the jury repeatedly that the only question for them to determine was whether the cattle were running at large, and did not submit the question of the regularity or want of regularity of the proceedings to the jury, the error, if any, was without prejudice.

It is insisted that the trial court gave undue prominence to the testimony of defendant's wife, and did not call attention to the fact that the testimony of plaintiff's hired man, who disputed her, was corroborated by other witnesses. It is true that in one part

of his charge the court did state the claim of defendant as testified to by Mrs. Straw and the claim of plaintiff as testified to by the hired man, and said, "There is the testimony of the two." He later in his charge again mentioned the conflict between these two witnesses, and called attention to the fact that testimony had been given by both parties tending to corroborate the testimony of each. The charge must be considered in its entirety, and when so considered this charge is not open to the objection here urged.

It is contended by plaintiff that stock cannot be considered as running at large when they have escaped their owner's inclosure, if the fence was a proper one, until the owner has knowledge that they are in the highway, and the court was requested to so charge. This he refused to do, and properly so. If the cattle were running at large in the highway, they were subject to distraint, and this does not depend upon knowledge or negligence on the part of the owner.

No error appearing on this record to the prejudice of the plaintiff, and we have examined it with care, the judgment is affirmed, with costs to the defendant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.