HaRt, J.
The Court of Appeals reversed the judgment of the trial court on the sole ground that it refused to charge the jury upon the assured-clear-dis-' tance-ahead rule set forth in Section 6307-21, General Code.
Apparently the Court of Appeals took the view that if there was any evidence that the defendant entered the intersection on the red light or was otherwise proceeding in an unlawful manner, the assured-clear-dis *90 tance rule would apply and should have been covered by the charge.
In the course of its opinion the Court of Appeals said:
“Although plaintiff became confused on the witness stand, his evidence tends to show that he was proceeding with the green light upon the westerly crosswalk at the time he was struck and.that before entering the street he looked for approaching traffic. Evidence of the defendant tends to show that defendant had the green light as he entered the intersection, and when his car was passing the northwest traffic light (18 to 20 feet west of the crosswalk) plaintiff ran in front of it * * *.
i i * # #
“* * * we reach the following conclusions:
Í £ * * *
“3. In the absence of a showing of extraordinary circumstances surrounding an intersection, such as weather conditions, or that the driver is approaching or crossing in an unlawful manner, the doctrine of assured clear distance has no application to the driver approaching or crossing an intersection who may collide with a pedestrian.
“4. Where the evidence tends to show a violation by a driver of the right of way, conduct resulting, in loss of right of way, or otherwise approaching or crossing in an unlawful manner, the doctrine of assured clear distance applies to such driver colliding with a pedestrian lawfully or unlawfully within or nearby the intersection.
“* * * Upon such evidence [that as plaintiff started across the street he saw the headlights a block or so away to his right and that he was proceeding on the crosswalk with the green light in his favor when he was struck], defendant either crashed the redlight or the light may have changed while plaintiff was on the *91 crosswalk. In either event, defendant was not proceeding in a lawful manner, and had lost his right of way, and having collided with plaintiff, plaintiff was entitled to an instruction on the clear distance rule.”
The Court of Appeals, in holding that the assured-clear-distance-ahead rule was applicable to the instant case, seems to have relied upon the holding of this court in Glasco v. Mendelman, 143 Ohio St., 649, 56 N. E. (2d), 210. In that case, however, the plaintiff attempted to cross a public street at a point other than a street intersection or crosswalk. The defendant’s automobile was being driven in low gear and was from 75 to 100 feet distant from the plaintiff when the latter entered the street and lane of defendant’s ear, which raised a jury question whether the defendant, in the exercise of ordinary care, could have stopped his car in that distance before striking the plaintiff.
That part of Section 6307-21, General Code, which sets forth the assured-clear-distance-ahead rule is as follows:
“ * * * and no person shall drive any motor vehicle, trackless trolley or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. ’ ’
The most important factor within the purview of this statute is the phrase, “within the assured clear distance ahead. ’ ’ The assured clear distance ahead ’ ’ constantly changes as the motorist proceeds and is measured at any moment by the distance between the motorist’s car and the limit of his vision ahead, fixed by the skyline, darkness, rain or snow, fog or smoke, a hill ahead, a curve in the highway, or by the distance between the motorist’s car and any intermediate discernible static or forward moving object in the street or highway ahead constituting an obstruction in the motorist’s path or lane of travel.
*92 The violation of the assured-clear-distance rule consists of the operation of a motor vehicle at a greater speed than will permit the operator thereof to bring it to a stop within the assured clear distance ahead, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance within such clear distance and into his path or lane of travel, of an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith. Smiley v. Arrow Spring Bed Co., 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.
Did the state of the evidence in the instant case call for a charge on the assured-clear-distance-ahead rule? Before the plaintiff came into the path or lane of defendant’s car, the assured clear distance ahead was the limit of defendant’s vision ahead afforded by the lights of his car.
It is clear in the instant case that the plaintiff was not within the defendant’s view and lane of travel until a moment before plaintiff was struck. Plaintiff's sudden entrance into such lane of travel cut down the defendant’s assured clear distance ahead and there was no evidence tending to show that the plaintiff was within such lane of travel a sufficient time or a sufficient distance ahead to make it possible for the defendant to avoid striking him.
Where a pedestrian crossing a street intersection does not do so at or beyond the forward limit of the assured clear distance ahead of an operator of a motor vehicle approaching such intersection at a right angle to the path of the pedestrian but suddenly comes into the path or lane of travel of the motor vehicle at an intermediate point in such assured clear distance ahead and is struck by such vehicle, a charge to a jury in a personal injury action by the pedestrian against the operator predicated on a violation of the assured-clear-distance-ahead rule should not be given, unless *93 there is evidence tending to show that the pedestrian came into the operator’s assured clear distance ahead at a point sufficiently distant ahead of the motor vehicle as to have permitted the operator, in the exercise of ordinary care, to have stopped his motor vehicle before striking the pedestrian.
Furthermore, no prejudice resulted to plaintiff by reason of the failure of the court to charge on the subject of assured clear distance ahead. In answer to interrogatories submitted without objection the jury found that the plaintiff’s injury was caused either by his sole negligence or that he was guilty of negligence which directly contributed to his injury. If his injury resulted from his sole negligence the question of the negligence of the defendant is immaterial and the omission of a charge on the assured clear distance ahead could not be prejudicial. On the other hand, if the plaintiff was guilty of contributory negligence, it must follow that the jury also found the defendant guilty of negligence as to one or more of the grounds of negligence set out in the petition as to which the court properly charged the jury. Under such circumstances, since the jury found the defendant guilty of negligence on grounds other than a violation of the assured-clear-distance rule, it became immaterial as to whether he was guilty of such violation.
The judgment of the Court of Appeals is reversed, and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Taet and Matthias, JJ., concur.