Zimmerman, J.
 

 This court held, in effect, in the recent case of
 
 Erdman
 
 v.
 
 Mestrovich,
 
 155 Ohio St., 85, 97 N. E. (2d), 674, that the assured-clear-distance-ahead rule has no application in a situation where a person, motor vehicle or object suddenly enters the path of another motor vehicle from the side, unless such person, motor vehicle or object comes into the view of the operator of the other motor vehicle at a point sufficiently distant ahead to enable such operator, in the exercise of ordinary care, to stop his vehicle and avoid a collision.
 

 Applying such holding to the instant case wherein plaintiff and defendant entered the intersection from
 
 *571
 
 different directions, each claiming he proceeded on a green light, and where both of them testified that neither saw the automobile of the other until a second before the crash, we are of the opinion that the trial-court herein properly removed from the consideration of the jury the ‘ ‘ assured-clear-distance-ahead ” provision of Section 6307-21, General Code.
 

 Most of the evidence offered by plaintiff, which was at first excluded upon objection, and most of the evidence admitted on behalf of defendant over objection, related to the element of damages.
 

 There is no dispute in the evidence that plaintiff by reason of the collision sustained some physical injuries and that his automobile was damaged. However, it is apparent that the jury returned the verdict it did because it reached the conclusion that both plaintiff and defendant were chargeable with negligence which was directly responsible for the collision and the ensuing damage, or because it was unable to determine from the evidence where the blame for the collision lay. Manifestly, the jury never reached the-question of damages.
 

 The rule is well established that where it is plainly evident from the verdict of a jury that it found no negligence or no cause of action, any error in admitting or rejecting evidence respecting the subject of damages is harmless unless it palpably prejudiced the jury on the main issue.
 
 Mitchell
 
 v.
 
 Pittsburgh, C., C. & St. L. Rd. Co.
 
 (C. C. A. 6), 13 F. (2d), 704, 705;
 
 Spiegel
 
 v.
 
 Straw,
 
 196 Mich., 581, 163 N. W., 4; and
 
 Gallagher
 
 v.
 
 Hildebrand,
 
 285 Pa., 350, 132 A., 174. Compare
 
 Boviard & Seyfang Mfg. Co.
 
 v.
 
 Maitland,
 
 92 Ohio St., 201, 204, 110 N. E., 749, 750; and
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644.
 

 Besides, an examination of the bill of exceptions discloses that plaintiff ultimately succeeded in getting
 
 *572
 
 before the jury by his own testimony and that of witnesses he produced practically everything he wished, including those matters initially excluded by the trial court. It is generally recognized that where error has occurred in the exclusion of testimony, but such testimony or testimony to the same effect is later received from a witness, no prejudice results to the complaining party.
 
 Mauk
 
 v.
 
 Brundage,
 
 68 Ohio St., 89, 67 N. E., 152, 62 L. R. A., 477; and
 
 Rothe
 
 v.
 
 Pennsylvania Co.
 
 (C. C. A. 6), 195 F., 21, 27, 114 C. C. A., 627, 633.
 

 We have read the record in this case throughout and are of the opinion that on the whole the case was fairly and competently tried and that no reversible error intervened.
 

 It follows that the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stewaet, Taet, Matthias and Habt, JJ., concur.