Middleton, J.
The defendant admits in its answer that the roll of steel fell from its truck. At the opening of the trial defendant stipulated that it was guilty .of negligence proximately contributing to the death of the decedent and that the sole question at issue, so far as liability was concerned, was whether plaintiff’s decedent was guilty of contributory negligence. The defendant asserted that such contributory negligence *433 resulted from violation by-' the decedent, McFadden, of the assured-elear-distance-ahead provision contained in Section 6307-21, General Code.
Under defendant’s construction of Section 6307-21, General Code, with which construction the Court of Appeals agreed, the driver of the automobile must be deemed to be guilty of contributory negligence as a matter of law once the collision occurs and that the burden is upon the plaintiff to establish impossibility of compliance with the statute. In argument this position was paraphrased thus, “Collision equals violation,” and it was urged that the defendant need produce no evidence other than evidence that the collision occurred to make a prima facie case of contributory negligence.
A question is here raised which has not been passed upon specifically in any of the many decisions of this court which construed and applied this statute.
When the assured-clear-distance-ahead rule is invoked, either by a plaintiff to establish negligence or by a defendant to establish contributory negligence, what evidence must be produced by the one so invoking the rule to make a prima facie case of violation of the statute ?
In this case the defendant invokes the rule for the purpose of establishing - the defense of contributory negligence.
It is elementary that the person who asserts an issue has the burden of proving it. In Ohio, the plaintiff does not have the burden of proving freedom- from contributory negligence. Contributory negligence is a defense.
When the defendant asserts violation of the assured-clear-distance-ahead provision of Section 6307-21, General Code, as a defense, he, in effect, says that the plaintiff did all things necessary to constitute a viola *434 tion. What defendant says must be supported by some substantial evidence.
The decisions of this court have established that the operator of a motor vehicle violates this statute if he drives at such speed that he collides with a reasonably discernible object (1) which is located ahead of him in his lane of travel and which object is (a) static or stationary (Skinner v. Pennsylvania Rd. Co., 127 Ohio St., 69, 186 N. E., 722; Watt v. Jefferson Trucking Co., 130 Ohio St., 99, 196 N. E., 887; Kormos v. Cleveland Retail Credit Men’s Co., 131 Ohio St., 471, 3 N. E. [2d], 427; Smiley v. Arrow Spring Bed Co., 138 Ohio St., 81, 33 N. E. [2d], 3, 133 A. L. R., 960), or (b) moving ahead of him in the same direction (Gumley, Admr., v. Cowman, 129 Ohio St., 36, 193 N. E., 627; Higbee Co. v. Lindemann, 131 Ohio St., 479, 3 N. E. [2d], 426; Bickel v. American Can Co., 154 Ohio St., 380, 96 N. E. [2d], 4), or (2) which appears in his path at a sufficient distance ahead of him to give him time, in the exercise of ordinary care, to bring his automobile to a stop and avoid a collision (Klever v. Reid Brothers Express, Inc., 151 Ohio St., 467, 86 N. E. [2d], 608; Erdman v. Mestrovich, 155 Ohio St., 85, 97 N. E. [2d], 674; Sherer v. Smith, a Minor, 155 Ohio St., 567, 99 N. E. [2d], 763).
It is the burden of the defendant, who asserts contributory negligence and invokes the aid of Section 6307-21, General Code, to present some evidence upon each element necessary to constitute a violation in order to make a prima facie case of violation.
If the defendant fails1 to present evidence tending to establish any one of the elements necessary to constitute a violation, the benefit of the statute does not accrue to the defendant.
•If the defendant does make a prima facie case and plaintiff introduces no evidence to meet it, the violation is established.
*435 If, however, conflicting evidence is introduced as to any one of such elements necessary to constitute a violation, a jury question is created.
In most instances the question whether the object with Avhich the collision occurs is reasonably discernible gives little difficulty. A train on a highway crossing or a truck or an automobile on the highway in the driver’s path can be considered reasonably discernible • without more evidence than the fact of its presence. If, hoAvever, the nature of the object be such that reasonable minds might differ as to it being reasonably discernible, evidence to establish that it was such is required. Any conflict in such evidence creates a jury question.
In eases so far decided by this court, the requirement of showing that the object was in the path of the vehicle at a sufficient distance ahead and for sufficient time to have enabled the operator, in the exercise of ordinary care, to have stopped has been considered satisfied if the object Avas static or stationary, or was moving in the same direction as the operator.
In one case, hoAvever, where a vehicle driven on the wrong side of the road caused the operator of a vehicle traveling in the opposite direction to swerve to the right and collide with a parked vehicle, violation by the operator Avho so collided with the parked vehicle Avas not found as a matter of law and it was held that a jury question existed. Matz, Admr., v. J. L. Curtis Cartage Co., 132 Ohio St., 271, 7 N. E. (2d), 220.
In another case where a car approaching on the wrong side of the road could be seen for a distance of 250 feet, it was held that a jury question was created as to whether the statute was violated. Hangen, a Minor, v. Hadfield, 135 Ohio St., 281, 20 N. E. (2d), 715.
The greatest difficulty in applying the statute arises *436 in cases where the obstructing object enters the path of the operator from the side. It is the plaintiff’s claim that the instant case presents such a situation. If the obstructing object does enter the path from the side, violation of the statute is not prima facie established in the absence of evidence that it entered the path at sufficient distance ahead of the operator to have given him time in the exercise of ordinary care to stop. The burden of presenting such evidence is upon the defendant when he has invoked the rule. Such a situation existed in the case of Klever v. Reid Brothers Express, Inc., 151 Ohio St., 467, 86 N. E. (2d), 608. There a truck backed into the operator’s path from the right side of the highway. There was conflicting evidence as to its being lighted. There was also conflicting evidence as to how far it could be seen by the operator of the colliding automobile and as to whether the truck continued to move into the path of the operator. The truck driver testified that the truck was stationary for 20 to 40 seconds as the automobile approached. There was no question as to the fact that the automobile collided with the truck.
The cause was submitted to the jury and verdict for the plaintiff rendered. On the basis of answers to interrogatories the trial judge then rendered judgment for the defendant notwithstanding the verdict. The Court of Appeals affirmed the judgment. This court found that the interrogatories were conflicting and should have been disregarded. The opinion states:
“If the answers to the interrogatories should be disregarded, it naturally follows that the judgment in favor of defendant should not have been entered.”
The judgment for the defendant was reversed. In that opinion Judge Stewart called attention to the distinction previously stated in the Smiley case between situations where the obstructing object was *437 static or moving ahead and where it came suddenly into the operator’s path.
In Erdman v. Mestrovich, 155 Ohio St., 85, 97 N. E. (2d), 674, the plaintiff sought to invoke the assured-clear-distance-ahead rule and requested the court to charge the jury with respect to it. The request was refused. This court approved that refusal. The plaintiff was a pedestrian who was struck by the defendant’s automobile at or near a street intersection. The third paragraph of the syllabus of that case reads in part:
“* * * a charge to the jury in a personal injury action by the pedestrian against the operator predicated on a violation of the assured-clear-distance-ahead rule should not be given, unless there is evidence tending to show that the pedestrian came into the operator’s assured clear distance ahead at a point sufficiently distant ahead of the motor vehicle as to have permitted the operator, in the exercise of ordinary care, to have stopped his motor vehicle before striking the pedestrian.”
In that case the plaintiff who invoked the rule failed to support his charge of violation by required evidence. Collision did not equal violation. To the same effect is Sherer v. Smith, a Minor, 155 Ohio St., 567, 99 N. E. (2d), 763.
In the earlier case of Glasco v. Mendelman, 143 Ohio St., 649, 56 N. E. (2d), 210, the rule was held applicable where an automobile struck a woman as she was crossing the street. There the rule was invoked by the plaintiff and she presented evidence to support her claim of violation. There was no other traffic on the street; the automobile headlights were lighted; the street was lighted; the automobile traveled from 75 to 100 feet in low gear during which time she crossed slowly from the center of the street to the curb. Upon these facts the opinion says:
*438 “The violation of the ‘assured clear distance ahead’ statute was charged in the petition and evidence was offered tending to sustain that charge, and therefore the trial court did not commit error in submitting that issue to the jury. Whether the defendant had shown such a state of facts as would excuse him from the operation of the statute was a question of fact for the jury and the Court of Appeals erred in concluding that the statute had no application.”
The significance of that opinion in connection with the present case lies in the fact that the rule was held applicable because the plaintiff who invoked the rule presented evidence to support her claim of violation.
In the instant case the defendant admitted that the roll of steel fell from its truck and that defendant was negligent. There was no surviving eyewitness. 'The truck driver, who was the only one who could have had knowledge of the exact manner in which the collision occurred, was not called by the defendant to testify. The defendant presented no evidence whatever as to when the roll of steel dropped from the truck with respect to the moment of the collision. Hence, the defendant failed to present any evidence indicating that the roll of steel appeared in the path of the automobile a sufficient distance ahead of the automobile to have given the operator time, in the exercise -of ordinary care, to stop and avoid the collision. In this respect the defendant did not sustain the required burden of proof.
As to the discernibility of the roll of steel, the •defendant relied upon its size and shape. There was, however, testimony on that subject and it was conflicting. One of defendant’s witnesses, who arrived after the accident, testified that the steel was lighter than the highway, but that after he saw it he could not stop and that he also ran into it. Another wit *439 ness — a . 16-year-old boy — -who lived near the scene of the accident testified that after the accident he conld see a gray outline of something in the road, at a distance first estimated by him to be 600 or 700 feet and then reduced to some lesser but indefinite figure, and that the object was bigger than a man standing up. Then he stated that the object was almost as dark as the pavement. Another witness testified that he saw something in the road, when he was 40 or 50 feet from the object, with lights that shone 75 to 100 feet ahead and that the roll of steel was “almost identical as far as color” with the color of the pavement, “for at night that size of steel, there is a shiny part of the steel and a dark part of the steel.”
One of the pictures of the roll of steel taken at night and introduced as an exhibit shows a mottled appearance of light and dark.
Without encumbering this opinion with a multiplicity of citations we refer to two pertinent decisions from other states on the question of discernibility. One is by the Supreme Court of Iowa: Blowers v. Waterloo, Cedar Falls & Northern Ry. Co. (1943), 233 Iowa, 258, 8 N. W. (2d), 751. The Code of Iowa contains an assured-clear-distance-ahead statute which is substantially identical with the corresponding statute in the Ohio Code except that the Iowa statute contains an additional clause. It reads: “No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such' driver having the right to assume, however, that all persons using said highway will observe the law.”
That decision did not involve application of the Clause contained in the Iowa statute but not contained in the Ohio statute.
*440 In that case the defendant operated the street railways in Waterloo, Iowa. The defendant permitted a snow sweeper to remain parked in the traveled portion of a street and the plaintiff, driving his automobile, collided with it. The sweeper was approximately 35 feet in length, 10 feet wide and 10 to 12 feet high. The assured-clear-distance-ahead provision of the Iowa statute was invoked by the defendant to establish contributory negligence of the plaintiff and it was argued that the sweeper was a discernible object. Testimony of several witnesses established that the sweeper was covered with snow; that there were no lights or. flares upon it; that the night was dark; that it was snowing; and that the plaintiff’s lights and brakes were in good condition. Three witnesses testified that the sweeper was not discernible until they were practically ‘ ‘ right on top of it. ” U pon the record the court held that violation of the assured-clear-distance-ahead statute was not shown as a matter of law and that whether the sweeper was a discernible object was a question for the jury.
The other case is that of Colonial Trust Co., Admr., v. Elmer C. Breuer, Inc., 363 Pa., 101, 69 A. (2d), 126, decided November 14, 1949. That case arose out of an accident which occurred in Ohio, and the Pennsylvania court construed and applied the provisions of Section 6307-21, General Code. The original plaintiff was Silas M. Sawyer. He died after the action was brought and the Colonial Trust Company, as administrator of his estate, was substituted. The following is a digest of the facts of that case:
At sometime around midnight a tractor with two attached flat-bottomed trailers operated by defendant’s employee was being driven in a southerly direction approaching the city of Ravenna, Ohio. On the second or hindmost trailer there were coils of steel *441 which, according to plaintiff’s testimony, had been improperly and insecurely anchored with the result that one of them fell off as the trailers weaved along the highway and in falling it carried with it a black tarpaulin covering. The operator of the truck proceeded to Ravenna leaving the coil of steel, which was about 4 feet in diameter and 2% feet high, lying in the middle of the westerly or southbound lane of the black-topped macadam road. Shortly thereafter Sawyer, operating a tractor-trailer outfit, proceeding south over the same road at a speed of about 30 miles per hour, collided with the coil of steel. He testified that he saw the coil of steel at a distance of 40 feet ahead of him but that it appeared to him to be merely a patch in the road, its real character being indiscernible because of the black tarpaulin covering on the blacktop highway. He, therefore, made no effort to slacken his speed or stop until he was within 10 feet of the obstruction when he discovered its true nature. As a result of the collision his vehicle swerved off of the road and he sustained injuries for which he sought recovery. At the conclusion of his testimony the trial court entered judgment for the defendant on the ground of contributory negligence as a matter of law, basing its action upon the conclusion that the plaintiff had violated the provisions of Section 6307-21, General Code. The Supreme Court of Pennsylvania discussed the Ohio statute and Ohio decisions at great length and considered itself governed by the Ohio law as revealed in the Ohio statutes and Ohio decisions. In passing the court remarked that the phraseology employed in the Ohio Code is the same as that contained in the Pennsylvania Code, and that the interpretations of the courts of the two states do not appear different. The court stated that none of the cases revealed an intention to “ascribe to the *442 word ‘discernible’ a fixed and rigid meaning applicable to every possible situation. The word ‘discernible’ ordinarily implies something more than ‘visible.’ ‘Visible’ means perceivable by the eye whereas ‘discernible’ means mentally perceptible or distinguishable, — capable of being ‘discerned’ by the understanding and not merely by the senses.”
After discussing the evidence as to the appearance and discernibility of the object, the court held that it was error for the trial court to have rendered judgment for the defendant and that the jury should have been allowed to determine whether the decedent was guilty of contributory negligence.
Upon the evidence in the case now before us there was a jury question as to whether the object was reasonably discernible.
In the instant case, there was no direct evidence as to the speed of the automobile at the time of the collision. The only evidence with respect to speed was supplied by one of defendant’s witnesses who testified that McFadden went around the truck of the witness a few minutes before it reached the scene of the accident; that his truck was then going 40 miles per hour; and that he noticed nothing unusual about the automobile as it passed.
It is also to be noted that the plaintiff is entitled to the benefit of the presumption that the decedent was exercising due care for his own safety at the time of the collision. Cleveland, C. & C. Rd. Co. v. Crawford, Admr., 24 Ohio St., 631, 15 Am. Rep., 633; Norris, Exrx., v. Jones, Recr., 110 Ohio St., 598, 604, 144 N. E., 274; Tresise v. Ashdown, Admr., 118 Ohio St., 307, 318, 160 N. E., 898.
As previously stated herein, the defendant failed to present any evidence that the roll of steel was in the path of McFadden’s automobile a sufficient distance *443 ahead of him and for a sufficient time to have made it possible for him in the exercise of ordinary care to-stop his car before colliding with it. Defendant, therefore, failed in its effort to invoke the assured-clear-distance-ahead rule-contained in Section 6307-21, General Code. Since the defendant relied upon the violation of that statute to establish contributory negligence the trial court would have been warranted in rendering judgment for the plaintiff on that ground alone. Had it been necessary for the trial court to go further and consider the problem whether the roll of steel was a reasonably discernible object, the court would have had a jury question to decide. The trial court apparently did consider this jury question and decided it in favor of the plaintiff. As there was ample evidence to support such decision upon the facts-as to discernibility, the judgment of the trial court in favor of the plaintiff was correct and must remain in effect. The Court of Appeals erred in reversing the judgment of the trial court.
The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Hart, JJ., concur.