Robyn CRUMMETT, Plaintiff-Appellant,

v.

Donald J. CORBIN, Defendant-Appellee.

No. 72–1756.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1973.

Decided March 30, 1973.

Frank J. Neff, Columbus, Ohio, for plaintiff-appellant; Barkan, Barkan & Neff, Columbus, Ohio, on brief.

Robert F. Howarth, Jr., Columbus, Ohio, for defendant-appellee; Charles E. Brown, Crabbe, Brown, Jones, Potts & Schmidt, Columbus, Ohio, on brief.

Before CELEBREZZE and MILLER, Circuit Judges, and KENNEDY,* District Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from the District Court's denial of Plaintiff-Appellant's motion for a new trial after the jury returned a verdict for Defendant-Appellee on the question of liability in a personal injury suit arising out of an auto accident. Federal jurisdiction is based on diversity of citizenship. For the reasons set forth below, we vacate the judgment of the District Court and remand the case for a new trial.

The accident occurred on November 25, 1967, at about 5:00 a. m. when Appellant was operating a Volkswagen Microbus in an easterly direction on U. S. Route 40, approaching the intersection of Route 38 at a speed of about 50 to 55 M.P.H. At this point, Route 40 is a four-lane, divided highway with a grass median strip. The intersection is controlled by flashing yellow lights facing traffic on Route 40 and flashing red lights and stop signs facing traffic on Route 38.

Appellee was operating a tractor-trailer unit, with an overall length of 52 feet, loaded with hogs, in a northerly direction on Route 38. He stopped at the stop sign, saw the headlights of Appellant's vehicle approaching approximately 700 to 800 feet to his left, and proceeded uninterruptedly across the intersection.

Seeing the tractor-trailer unit in the intersection, Appellant turned her vehicle to the right onto the berm, passed behind the unit, lost control, and rolled over. There was no contact between Appellee's unit and Appellant's vehicle.

As her first issue on appeal, Appellant asserts that the District Court erred in separating for trial the issues of liability and damages. In Moss v. Associated Transport, Inc., 344 F.2d 23 (6th Cir. 1965), this Court recognized that under Rule 42(b), F.R.Civ.P., the ordering of separate trials on the issues of liability and damages is within the sound discretion of the trial judge. Here Appellant contends that she was prejudiced by the fact that the jury was unable to consider evidence respecting her injuries in making its findings on the question of liability. Such consideration of evidence not related to the question of liability appears to be a type of prejudice which is to be avoided by separating the issues of liability and damages under Rule 42(b). We are thus unable to conclude that the District Court in any way abused its discretion in conducting a separate trial on the issue of liability.

As her second issue, Appellant contends that the District Court erred in instructing the jury on Ohio's assured-clear-distance-ahead statute, Ohio Revised Code, Section 4511.21. The Court instructed the jury as follows:

". . . [N]o motorist may operate a vehicle at a greater speed then will permit him to bring it to a complete stop within the assured clear distance ahead. Assured clear distance is the distance between the vehicle he is operating and a visible object in his path of travel. As a motorist proceeds the assured clear distance constantly changes. It is measured at any moment by the distance between the motorist's car and any visible object ahead in the same lane in which the motorist is proceeding."

With respect to Ohio's assured-clear-distance-ahead statute, the Supreme Court of Ohio has stated as follows:

"The 'assured clear distance ahead' referred to in Section 4511.21, Revised Code, constantly changes as the motorist proceeds, and is measured at any moment by the distance between the

---

* The Honorable Cornelia K. Kennedy, United States District Judge for the Eastern District of Michigan, sitting by designation.

motorist's car and any intermediate discernible static or forward-moving object in the street or highway ahead constituting an obstruction in the motorist's path or lane of travel. (Paragraph one of the syllabus of Erdman v. Mestrovich, 155 Ohio St. 85, 97 N. E.2d 674, approved and followed.)" Cerny v. Domer, 13 Ohio St.2d 117, 235 N.E.2d 132 (1968) (paragraph two of the syllabus).

That the statute may be applicable where a discernible object moves across a driver's path has been established by the same Court's decisions involving a pedestrian's entry into a driver's path. Paragraph two of the syllabus in Glasco v. Mendelman, 143 Ohio St. 649, 56 N. E.2d 210 (1944), provides as follows:

> "Where an automobile, in the night season, struck a pedestrian crossing a public highway at a place other than an intersection or cross-walk, and the evidence is to the effect that the street was well lighted; that the headlights on the automobile were burning; that the automobile was being driven in low gear for a distance of more than 75 feet before the collision; that she was struck by the right front bumper or fender; and that there was no other traffic upon the street, the question of whether the driver of such automobile was guilty of a violation of 'the assured clear distance ahead' provision of the then existing statute, was properly submitted to the jury."

See also Erdman v. Mestrovich, 155 Ohio St. 85, 97 N.E.2d 674 (1951), recognizing in dictum that the statute would be applicable where "there is evidence tending to show that the pedestrian came into the operator's assured clear distance ahead at a point sufficiently distant ahead of the motor vehicle as to have permitted the operator, in the exercise of ordinary care, to have stopped his

motor vehicle before striking the pedestrian."

We are not referred to, nor do we find, any decisions by the Supreme Court of Ohio applying the statute to collisions involving vehicles traveling on intersecting roads. See Blackford v. Kaplan, 135 Ohio St. 268, 272, 20 N.E.2d 522, 525 (1939) ("The doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads under ordinary circumstances.") In Sherer v. Smith, 155 Ohio St. 567, 99 N.E.2d 763 (1951), however, application of the rule was precluded only by the fact that the defendant did not observe the plaintiff's automobile approaching on an intersecting street until a second before the crash, affording the defendant no reasonable opportunity to stop his vehicle.

We conclude that the District Court correctly determined that the evidence in the present case supported a jury instruction respecting Appellant's duty under the assured-clear-distance-ahead statute. It was stipulated that Appellee saw Appellant's vehicle approaching at a distance of approximately 700 to 800 feet when he pulled from the stop sign on Route 38 and proceeded uninterruptedly across the intersection. Moreover, Appellant testified that she was approximately 600 feet west of the intersection when she first observed Appellee's vehicle, which was blocking both eastbound lanes of Route 40 at that point in time. This evidence created a question of fact as to Appellant's compliance with the assured-clear-distance-ahead statute, warranting a jury instruction with respect thereto.[1]

We do, however, find merit in Appellant's further claim that the District Court erred in failing to instruct the jury respecting the exception to the assured-clear-distance-ahead doctrine where

---

1. It should be noted that the District Court also instructed the jury on Ohio's right-of-way, through-highway statute and Ohio's doctrine of contributory negligence.

Under the latter, a plaintiff whose contributory negligence proximately caused the accident is totally barred from recovery.

another vehicle suddenly enters the driver's path. This exception was recognized in Sherer v. Smith, 155 Ohio St. 567, 99 N.E.2d 763 (1951) (paragraph one of the syllabus) as follows:

"The 'assured-clear-distance-ahead' rule contained in Section 6307–21, General Code, has no application in a situation where a person, motor vehicle or other object suddenly enters the path of another motor vehicle in such manner that the operator of such other motor vehicle is afforded no reasonable opportunity to stop his vehicle and avoid a collision."

The inverse of this exception was set forth in Sherer v. Smith, 155 Ohio St. 567, 99 N.E.2d 763 (1951) (paragraph two of the syllabus):

"For such rule to apply it must appear that a person, motor vehicle or other object came into the view of the operator at a point sufficiently distant ahead to enable such operator, in the exercise of ordinary care, to stop his vehicle and avoid a collision. (Erdman v. Mestrovich, 155 Ohio St., 85, 97 N.E.2d 674 approved and followed.)"

The evidence before the District Court established that Appellee proceeded into the path of Appellant after Appellee observed Appellant's vehicle approaching at a distance of approximately 700 to 800 feet. Appellant testified that after first observing Appellee's unit across both eastbound lanes when she was approximately 600 feet west of the intersection, she attempted to stop but was unable to, and she therefore swerved to the right, passing behind Appellee's unit and losing control as she returned to the roadway.

2. There was nothing in the evidence which precluded a jury determination that Appellant, through the exercise of ordinary care, could or could not have stopped within the distance separating her vehicle from Appellee's unit under the prevailing conditions.

3. In view of our disposition of this appeal, we find it unnecessary to expressly rule

This evidence created a question of fact as to whether or not Appellant had a reasonable opportunity to stop her vehicle and thereby avoid a collision with Appellee's unit.[2] A finding that Appellee's entry into Appellant's path afforded Appellant no such opportunity would remove her from the duty otherwise imposed by the assured-clear-distance-ahead statute. The jury, however, was precluded from making such a finding on this question by the District Court's failure to give an instruction respecting the sudden entry exception to the statute.

The judgment of the District Court is therefore vacated and the case is remanded for a new trial.[3]

upon Appellant's additional claim that the District Court erred in refusing to give a requested instruction on the sudden emergency doctrine. Suffice it to say that the substance of this doctrine is incorporated in the sudden entry exception to the assured-clear-distance-ahead rule discussed in the text.