OPINION
On October 10, 2000, Officer Tim Doersam of the Reynoldsburg Police Department observed a vehicle speeding and drifting in its lanes. The vehicle also had a very dark window tint. As a result of these observations, Officer Doersam effectuated a traffic stop. Driver of the vehicle was appellant, William E. Fisher, IV.
As a result of Officer Doersam's investigation, the Licking County Grand Jury indicted appellant on one count of carrying a concealed weapon in violation of R.C. 2923.12(A). On December 18, 2000, appellant filed a motion to suppress. A hearing was held on January 18, 2001. By judgment entry filed January 26, 2001, the trial court denied said motion.
A trial was scheduled for February 15, 2001. Prior to trial, appellant filed proposed jury instructions which included the lesser included offense of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16. The trial court refused to give this charge. Thereafter, appellant pled no contest to the charge. By judgment entry filed February 15, 2001, the trial court found appellant guilty. Subsequently, the trial court sentenced appellant to community based sanctions. See, Judgment Entry filed March 14, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY OVERRULING APPELLANT'S PRETRIAL MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A WARRANTLESS SEARCH AND SEIZURE OF APPELLANT'S AUTOMOBILE.
 II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY REFUSING TO GIVE A PROPOSED JURY INSTRUCTION ON IMPROPER HANDLING FIREARMS IN A MOTOR VEHICLE, R.C. 2923.16 AS A LESSER INCLUDED OFFENSE OF CARRYING A CONCEALED WEAPON.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Appellant's motion questioned the legality of the stop of his vehicle. Appellant argues the trial court's conclusion and findings are not supported by the weight of the evidence. By judgment entry filed January 26, 2001, the trial court found the following:
 Regardless of the vigorous cross examination of the officer, this Court finds that Patrolman Doersam paced the vehicle in excess of the posted speed limit, observed the defendant drift onto the right fog line and then drift over the fog line. Additionally, the officer with some experience with regard to tinted window violations was able to observe that the rear window apparently was illegally tinted. Based upon these unrefuted observations, the Court finds that Patrolman Doersam possessed a reasonable and articulable suspicion that the defendant had violated three separate traffic statutes thereby justifying the stop of the defendant's vehicle. It is of no consequence that the officer did not file the traffic charges against the operator of the vehicle.
Appellant argues the only witness which established probable cause was Officer Doersam and appellant now challenges the officer's credibility in "pacing" his vehicle to determine speed. Appellant argues the de minimis
violation of touching a lane marker did not violate R.C. 4511.33. Appellant also argues he was never charged with a lane usage violation. Further, appellant challenges the officer's observations that the rear window was tinted because the officer has vision problems.
At the outset, we note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
From our review of the evidence, we find specific testimony of a speeding violation, first through visual observation and then by pacing the vehicle. T. at 17, 19-20. Officer Doersam opined the speed of appellant's vehicle to be in excess of the 35 m.p.h. zone, up to speeds of 50 m.p.h. T. at 17-24. Officer Doersam testified as to his training in "pacing" vehicles. T. at 23.
As for the drifting lane observation, Officer Doersam testified appellant's vehicle drifted in its lanes "kind of from the left lane marker and the right lane marker." T. at 25. The road had two lanes on each side and was divided by a grass median. T. at 25. Officer Doersam also observed a "very dark rear window" on appellant's vehicle. T. at 26.
Based upon Officer Doersam's observations of speeding, lane drifting and rear window tint, he stopped the vehicle. T. at 27. In Terry v. Ohio
(1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant toTerry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
The observation of a violation of the speed limit (R.C. 4511.21) alone is sufficient to qualify as probable cause or reasonable suspicion of criminal activity to stop a vehicle. We find the evidence of the direct testimony of the officer as to speed to be sufficient to establish probable cause to stop the vehicle.
Although the original motion to suppress also included the issue of the search of the vehicle, such was not assigned as error.
Upon review, we find the trial court did not err in denying appellant's motion to suppress.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying him the jury charge on the lesser included offense of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16. We disagree.
Prior to trial, appellant filed proposed jury instructions which included the lesser included offense. While there is no written ruling on this request on the record, there are the following statements made during the change of plea hearing:
 [Appellant's Counsel]: Your Honor, it is. The change of plea has been precipitated by a preliminary discussion with the State and the Court and myself in chambers regarding the giving of an — of an instruction for a lesser included offense. Based on at least the court's indication of how they would rule on that, we'll be entering a no contest plea.
* * *
 [The Court]: * * * Additionally, then, the defendant, although it has not yet been filed, submitted a proposed jury instruction. The proposed jury instruction requests that this Court instruct the jury on the charge of Improper Handling of a Firearm in a Motor Vehicle as a lesser included offense of the charge of Carrying a Concealed Weapon. The Court had discussions in chambers concerning that requested lesser included offense instruction, and based upon the two cases that the prosecution has provided to me, as well as what research that I have been able to find early this morning, the Court is inclined and will not give the lesser included offense of Improper Handling of a Firearm in a Motor Vehicle. The Court basis (sic) that decision upon the case of State versus Thompson a 12th Appellate District decision out of Madison County and also State versus Wood, out of the 2nd Appellate District. * * * Both these case are specifically on point with regard to whether — whether the charge of Improper Handling of a Firearm in a Motor Vehicle is a lesser included offense of Carrying a Concealed Weapon. And in both of those cases the Court of Appeals and I think the Trial Courts all concluded it was not a lesser included offense. Based upon those cases this Court declines to give that jury instruction. Having declined to give that jury instruction, Attorney Reed then advised this Court that he was not interested in proceeding to trial, but would rather enter a plea of no contest to the charge of Carrying a Concealed Weapon.
T. at 3 and 5-7, respectively.
Appellant's trial counsel also proffered the following for the record:
 It does. Your Honor, if I may make a brief proffer. We would expect the evidence would have shown — I believe there is no disagreeing with the State — that it was a firearm as required by the definition in the code, that it was contained in a zippered daytimer calender that was located next to the front seat, wedged down between the seats according to the officer's testimony. * * * Between the seat and the console. And, again, the issue was — was whether or not it was ready at hand or simply accessible, which is the difference between the two crimes in the code. That would complete the proffer for the purposes of the record.
T. at 7.
Appellant argues given the proffered evidence and the trial court's ruling, the matter is preserved for review. Appellant further argues in the sake of judicial economy, this court should entertain pretrial rulings on issues even when no trials are had by the appellants.
We disagree with the proposition that a pretrial ruling made prior to the taking of any evidence is subject to appellate review in lieu of proceeding to trial. Generally, a decision to give or not to give a jury instruction is based on the evidence presented at trial. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210, citing Erdman v.Mestrovich (1951), 155 Ohio St. 85.
We find this burden is parallel to pretrial rulings on evidentiary issues:
 To allow a defendant to plead no contest immediately following an adverse evidentiary ruling and then appeal that ruling, would be to permit a defendant to interrupt his trial at any time to pass questions as to the admissibility of evidence on to the court of appeals in the hope of prevailing and having the opportunity to start his trial over again.
 State v. Benson (March 31, 1992), Wood App. No. 90WD102, unreported. See also, State v. Nelson (August 15, 1997), Licking App. No. 95-CA-117, unreported, wherein this court held "[a]ppellant's plea of no contest waived his right to a trial by jury and, accordingly, waived his right to have the jury instructed on self defense, aggravated assault and assault."
Assignment of Error II is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.