DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. Following a bench trial, the court found Mark D. Passmore III, defendant below and appellant herein, guilty of (1) driving a motor vehicle at such a speed that he could not bring it to a stop within "the assured clear distance ahead" (ACDA), in violation of R.C. 4511.21(A); and (2) failure to wear a seatbelt, in violation of R.C. 4513.263. Appellant assigns the following error for review:
"Was the conviction of acda against the manifest weight of the evidence and/or contrary to law?"
 {¶ 2} On the afternoon of July 24, 2004, appellant drove his vehicle on State Route 56, a two lane highway. Gretchen Garrett was driving a vehicle in front of the appellant. When Garrett slowed to turn into a driveway to visit a garage sale, appellant collided with the back of her truck. Pickaway County Sheriff's Deputy Cory Bachnicki investigated the accident and cited appellant for ACDA and for his failure to wear a seatbelt.
 {¶ 3} At the bench trial, Garrett testified that immediately prior to the accident she slowed to a stop to make a left hand turn and activated her left turn signal. As she began to turn, appellant collided into the rear of her truck. Tracey Davis, who operated a vehicle immediately behind appellant, testified that she observed appellant attempt to pass Garrett on the left and hit Garrett's vehicle just as Garrett was making her turn. Davis also stated that Garrett had activated her left hand turn signal prior to the collision. Finally, James Stangle, the yard sale proprietor, testified that he observed the accident and that appellant hit Garrett "in the left rear."
 {¶ 4} Appellant, however, offered a slightly different version of the accident. He testified that Garrett slowed to make a right-hand turn, activated her right turn signal and that he then attempted to pass her on the left. As he passed on the left, appellant stated that Garrett apparently changed her turn direction and swerved to the left in front of him. Appellant claimed he slammed his breaks, but could not avoid the collision. Deputy Bachnicki testified that appellant admitted that he drove sixty miles per hour at the time of the accident. At trial, appellant testified that sixty miles per hour in his Porsche is actually fifty five miles per hour.
 {¶ 5} The trial court found appellant guilty of both charges. The court noted that if appellant's version of events was correct, Garrett's vehicle would have sustained side damage. Instead, the evidence revealed damage to the rear of Garrett's vehicle. This evidence supported the view that appellant failed to maintain an assured clear distance between him and the vehicle in front of him and that he simply ran into Garrett's vehicle. The trial court assessed a $25 fine plus court costs for the ACDA violation and a $30 fine for the seatbelt violation. This appeal followed.[2]
 {¶ 6} Appellant asserts in his assignment of error that the trial court's judgment is against the manifest weight of the evidence and is contrary to law. We disagree.
 {¶ 7} R.C. 4511.21(A) provides that no person shall operate a motor vehicle at a greater speed than will permit the person to bring the vehicle to a stop within the assured clear distance ahead. To establish a violation of that statute, the prosecution must establish that the driver collided with an object that (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. Pond v. Leslein (1995), 72 Ohio St.3d 50, 52, 647 N.E.2d 477; also see State v. Hochstetler, Wayne App. No. 03CA0025, 2004-Ohio-595, at ¶ 11; State v. Lippencott (Nov. 21, 2000), Franklin App. No. 00AP-491.
 {¶ 8} No question exists that the prosecution established three of the four elements at trial. Garrett's truck was located in appellant's lane of travel, it was either stationary or moving in appellant's direction and it was reasonably discernible. The issue is whether Garrett's truck "suddenly appeared" in appellant's path. Appellant argues that it did, and that he should be excused from a ACDA violation in a situation when another vehicle suddenly appears in his lane of travel. We agree with the appellant as an abstract principle of law,[3] but we note that the trial court found that it did not apply in this situation. After our review of the record, we conclude that the trial court's determination is amply supported by the evidence adduced at trial.
 {¶ 9} State Route 56 is a two-lane highway. The collision occurred either in the eastbound or the westbound lane. For the most part, the evidence suggests that the collision occurred in the eastbound lane and this appears to have been the trial court's conclusion. To be sure, Garrett testified that her vehicle was struck just as she "started to turn . . . over the yellow line." Davis testified that Garrett turned "probably close to halfway" into the other lane when the accident occurred. Neither witness, however, indicated that Garrett's truck completely exited the eastbound lane. We also note that Stangle testified that he observed appellant collide with Garrett in the rear of Garrett's vehicle. Finally, the photographic exhibits reveal damage to the rear of Garrett's truck (rear bed door was hanging off). Appellant's Porsche sustained damage all along the front hood. This indicates that although appellant may have been in the process of a turn when the accident occurred, she was primarily in her lane of travel and appellant simply collided into the back of her truck. This violated the ACDA statute and, because both vehicles were in the eastbound lane, appellant cannot claim that Garrett's truck suddenly appeared in his lane of travel.
 {¶ 10} As for appellant's assertion that Garrett suddenly turned into his lane of travel, the evidence belies this contention. As the trial court aptly noted, if appellant had gone left of center into the westbound lane to pass Garrett, and then Garrett suddenly turned into his lane of travel and caused the accident, the side of Garrett's truck would have been damaged. Like the trial court we have examined the photographs and find no damage to the side of Garrett's truck. The damage appears to be at the rear of the truck, thus indicating that the vehicles were positioned in the same lane of travel, and had been in the same lane of travel when the accident occurred. To the extent that appellant claims that Garrett swerved completely into his lane of travel before the accident occurred, we do not believe that this claim is supported by the evidence. Garrett testified that she activated her left hand turn signal about "eight car lengths back" before she stopped to turn. Davis also confirmed that Garrett had activated her left turn signal before she made the turn. Because Garrett warned that she was turning left, it is difficult for appellant to claim that Garrett's truck just "suddenly appeared" in appellant's lane of travel.
 {¶ 11} We acknowledge that appellant gave contradictory evidence at trial and claimed that appellant had activated her right turn signal, then changed her mind and turned left into the path of his car. However, resolving conflicts in testimony and evidence involves a determination of weight and credibility and these issues must be resolved by the trier of fact. State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; Statev. Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. A trier of fact is free to believe all, part or none of the testimony of each witness who appeared before it. State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Davis, Pickaway App. No. 04CA1, 2004-Ohio-5680, at ¶ 13. Apparently, the trial court afforded more weight to Garrett's and Davis's account of the events than appellant's account.
 {¶ 12} Generally, we will not reverse a conviction on a manifest weight of the evidence claim unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Earle
(1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow
(1995), 103 Ohio App.3d 368, 370-371; 659 N.E.2d 814; State v. Davis
(1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966. We are not persuaded that the case sub judice is such a case. Rather, the evidence supports the trial court's determination that appellant collided into the back of a truck that he attempted to pass at the last minute and that he failed to maintain an assured clear distance ahead. Other than his own testimony, which the trial court apparently discounted, nothing supports appellant's claim that Garrett's truck "suddenly appeared" in his lane of travel.
 {¶ 13} For these reasons, we find no merit in the assignment of error. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[2] Appellant does not challenge on appeal his conviction for failure to wear a seatbelt.
[3] It is well-settled that a driver does not violate the ACDA statute when the assured clear distance ahead is, without the driver's fault, suddenly reduced by the entrance into the driver's path of an obstruction that renders the driver unable, in the exercise of reasonable care, to avoid a collision. See generally Shinaver v. Szymanski (1984),14 Ohio St.3d 51, 54, 471 N.E.2d 477; Erdman v. Mestrovich (1951),155 Ohio St. 85, 97 N.E.2d 674, at paragraph two of the syllabus.