Pressing, Appellant, *v.* Roadway Express, Inc., Appellee.

(No. 3431—Decided February 18, 1942.)

*Messrs. Carpenter & Freeman* and *Messrs. Smoyer, Kennedy, Smoyer & Vogel,* for appellant.

*Messrs. Wise, Roetzel & Maxon,* for appellee.

WASHBURN, J. This appeal on questions of law presents the question of whether the plaintiff was negligent *as a matter of law* by reason of a violation of Section 12603, General Code, by driving his automobile on a public highway at a speed greater than permitted him to bring it to a stop within his assured clear distance ahead.

The record presents evidence which establishes that, on December 5, 1940, at about 2 o'clock in the morning, plaintiff was driving his automobile eastward on public highway No. 20, at a speed of at least 45 or 50 miles an hour. The highway was straight and comparatively level; the night was dark but clear and the visibility good; the pavement was dry, and the automobile was new and properly equipped with lights; and the bright lights were on and the driver could see discernible objects ahead from two to three hundred yards. The pavement was 20 feet wide and in good condition, and the automobile was equipped with four-wheel hydraulic brakes.

The defendant, through its agent, was operating a trucking outfit consisting of a tractor and trailer, the trailer being a closed, box-car type, 8 feet wide, 26 feet long, and 11 feet high; and the combined length of the tractor and trailer was at least 36 feet, and, with load, weighed about 12 tons.

The outfit was standing in a gasoline station some distance back and north from the highway, and was headed east, the same direction plaintiff was traveling.

At about the time the plaintiff approached the gas station, the outfit was driven out onto the highway in order to proceed on its journey eastward, and the left side of plaintiff's car collided with the right side or rear corner of said trailer; and plaintiff's car turned over on the south side and off the pavement, and the plaintiff was injured.

The claim of plaintiff is that he had a clear view of

the road ahead of him, and that the truck and trailer were out of his view until they entered his path or line of travel; that they entered from his left and in violation of Section 6310-29, General Code, in not yielding the right of way to him; and further that, without fault on his part, said truck and trailer entered his path or line of travel at a time and under circumstances which cut down or lessened his assured clear distance ahead and made it impossible for him, by the exercise of ordinary care, to avoid colliding with the truck; and there was some evidence tending to support his claim.

The defendant claims that, when the truck and trailer entered upon the highway, plaintiff's approaching car was not in view, and that the collision did not take place until after the truck and trailer had taken its rightful place on the right-hand or south, side of the road and had traveled thereon 150 feet; and that plaintiff's injuries were caused by his violation of Section 12603, General Code, in driving his car at a speed greater than would permit him to stop it within his assured clear distance ahead; and there was some evidence tending to support its claim.

It thus appears that a crucial question of fact was presented by the record—to wit, Did said trucking outfit enter upon the highway at a time and under circumstances such as to suddenly cut down or lessen plaintiff's assured clear distance ahead?

For several years, as shown by the decisions of the Supreme Court, that court has recognized that a failure to stop within the assured clear distance ahead, as provided in Section 12603, General Code, might be excused, and that if the plaintiff established that the collision occurred without his fault and because of circumstances over which he had no control, he would be excused for such failure and avoid the legal implication of negligence; or, as is stated in some of the

cases, under such circumstances he "cannot be said, as a matter of law, to be guilty of violating" the statute.

It is true that this proposition has usually been set forth in cases where the court determined that the excuse offered in the particular case was not a valid excuse, but in a recent case the Supreme Court, in the syllabus, has set forth a situation in which the excuse would be valid, and the circumstances in the present case come squarely within the language of that syllabus. Paragraph two of that syllabus reads as follows:

"2. To comply with the assured-clear-distance-ahead provision of Section 12603, General Code, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St., 81, 33 N. E. (2d), 3.

The case at bar presents a feature not present in many of the cases in this and other states on this subject, and that is that, if the plaintiff's assured clear distance ahead was suddenly cut down or lessened, it was in this case caused by the act of the defendant, which act itself was a violation of another statute, and which, if it be found that there was such violation, establishes defendant's negligence (*Ewing* v. *Burkhardt Brewing Co.*, 57 Ohio App., 463, 15 N. E. (2d), 160), or at least affects the question of the negligence of the defendant, and also precludes the act of the plaintiff from being a violation of the assured-clear-distance-ahead statute, thus rendering the assured-

clear-distance-ahead statute inapplicable.

In addition to the established facts hereinbefore referred to, the jury would have been justified in finding that the truck and trailer had proper lights on the front and rear and sides, although plaintiff testified that he saw no lights thereon, and the record contains other facts, some of them important facts concerning which there is a conflict in the evidence.

A photograph of plaintiff's car, taken soon after the accident, is in evidence, and it shows the location and extent of the damage to such car. No photograph of the truck or trailer was taken, and at the time of trial the truck and trailer had been in an accident in which they were destroyed; but a photograph of another truck and trailer of the same make and size was introduced, which, of course, shows nothing in reference to the collision. Photographs of the scene of the accident and marks on the pavement and adjacent territory were also introduced, and there was testimony in reference to conditions shown by such photographs.

The plaintiff gave testimony, a part of which the defendant claims strongly substantiated its contentions as to how the accident happened, and the defendant introduced the evidence of its driver, a part of which plaintiff claims tended to support his account of the accident.

As to alleged facts bearing on the contentions of the respective parties, the foregoing items of evidence give rise to various and conflicting inferences, and there was also directly conflicting evidence as to important facts that could be determined only by weighing the evidence.

We make no attempt to set forth and analyze all of these matters, but everything shown by the record has been carefully read and considered, and we are of the opinion that the record discloses disputed ques-

tions of fact and circumstances and inferences which present issues of fact which can be determined only by weighing the evidence, and that the evidence is not such as to have justified the trial court in finding that reasonable minds could not differ as to such issues; and therefore the trial court was in error in resolving the issues of fact in favor of the defendant.

We omit any reference to the question of proximate cause as to the foregoing matters, because that question has not been raised or argued in this case.

We are further of the opinion that whether, regardless of the clear-view-ahead statute, the plaintiff was negligent, and, if so, whether such negligence proximately contributed to cause his injuries, were questions of fact which the trial judge was not justified in taking from the jury and deciding as a matter of law.

For error in directing a verdict and rendering judgment thereon, the judgment of the Common Pleas Court is reversed, and the cause is remanded.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and STEVENS, J., concur.