TENHUNFELD, APPELLANT, *v.* PARKWAY TAXI CAB CO., APPELLEE.*

---

*Motion to certify the record overruled, March 19, 1958.

(No. 8325—Decided December 9, 1957.)

*Mr. W. F. Boelter,* for appellant.
*Messrs. Bloom & Tyler,* for appellee.

DOYLE, J.  Joseph Tenhundfeld (erroneously impleaded as "Tenhunfeld") was injured in a collision of motor vehicles in the night on the 18th of March, 1955, near the intersection of Warsaw and McPherson Avenues in the city of Cincinnati, Ohio.

In an action brought by him in the Common Pleas Court of Hamilton County against the Parkway Taxi Cab Company, he alleged that, as he was driving his automobile easterly on Warsaw Avenue, a taxicab, owned by the defendant and operated by its servant, was driven "from a parked position along the south curb of Warsaw Avenue and east of McPherson Avenue into the lane of traffic in which the plaintiff was traveling; that as a result of the sudden movement of the taxicab * * * a collision between the two vehicles resulted."

The petition continued by spelling out specific claims of negligence which were asserted to have been the proximate cause of the collision and resulting damage.

The defendant admitted the accident and alleged that negligent conduct of the plaintiff himself was the proximate cause of the accident.

A trial ensued, and at the conclusion of the plaintiff's case, upon motion of the defendant for a directed verdict, the court observed:

"The court has reviewed the record in this matter and given the motion consideration.  The court has come to the conclusion that the plaintiff's evidence has raised an inference and a presumption that he was guilty of negligence at the time of the collision in question, which inference or presumption has not

been dispelled or counterbalanced by him. Under authority of the *Ziebro case* in 157 Ohio State, 489, and the cases therein cited the court is of the opinion that it becomes its duty to grant the motion and direct a verdict for the defendant. Such will be the action of the court.''

A journal entry recording the action of the court was duly entered, and the present appeal stems from the order to which the following assignments of error are directed:

Error ''(1) in sustaining the motion for a directed verdict made by the defendant at the close of the plaintiff's evidence, and in entering final judgment for the defendant; (2) in overruling the motion of the plaintiff for a new trial; (3) other errors of law occurring at the trial of the cause.''

Before going to the record of evidence, we first observe that ''In passing upon a defendant's motion for a directed verdict, the trial court is required to construe the evidence most strongly in plaintiff's favor.'' *Tanzi* v. *New York Central Rd. Co.*, 155 Ohio St., 149, 98 N. E. (2d), 39, 24 A. L. R. (2d), 1151; *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246.

It is, of course, obvious that a reviewing court, in appraising the action of a trial court in directing a verdict for a defendant, must likewise construe the evidence most strongly in plaintiff's favor.

We find evidence and reasonable inferences which can be drawn therefrom indicating that the plaintiff drove his automobile easterly on Warsaw Avenue in the vicinity of McPherson Avenue at 1:30 a. m. on March 18, 1955; the street was wet from falling snow, but the visibility was fair; he proceeded at a speed (according to his own testimony) ''of anywhere from 30 to 35 miles per hour'' (in construing this testimony ''most strongly'' in his favor, we must recognize the speed as 30 miles an hour); he saw the defendant's taxicab as well as another car parked on the south side of Warsaw Avenue when he was more than 200 feet from it; at this time there was no automobile ahead of him moving in either direction; when his car reached the eastern side of McPherson Avenue in its intersection with Warsaw Avenue, the taxicab pulled away from the curb ''in a 90° angle'' toward the north, ''straight across to the other side of the street''; the taxicab, according to the testimony of the

plaintiff, was parked "30-40 feet" from the southeast corner of McPherson and Warsaw Avenues when it proceeded from the curb and into the street; in construing this language "most strongly" in favor of the plaintiff, we must find that the taxicab commenced to travel into plaintiff's path when his car was 30 feet distant; the plaintiff doesn't know whether he applied his brakes before the crash, although he attempted to do so; the collision occurred on the northerly side of Warsaw Avenue, and a police officer, who arrived upon the scene shortly after the collision and before the cars were moved, found the taxicab "up against a wooden telephone pole" approximately "two or three car lengths" from the corner of McPherson and Warsaw Avenues.

From this scant epitome of the record, and in thinking in terms of a directed verdict, it may be properly observed that the plaintiff, while driving on a public thoroughfare with no traffic moving in either direction, and driving at a speed of 30 miles an hour, was suddenly confronted with the movement of a taxicab, which commenced to make a "U turn" from a parked position across his path of travel when but thirty feet distant from the front of his automobile, and which movement resulted in a collision causing damage.

It is here further stated that the speed limit in the area under consideration was 25 miles an hour.

A statement of legal principles regulating situations of the kind before us is not difficult. The difficulty arises in applying the law to the facts.

We first look to a pertinent statute (Section 4511.21, Revised Code) regulating the conduct of the plaintiff at the time of and before the accident, because if his conduct falls within its prohibitions and was a proximate cause of the accident, then the rule adopted in *Ziebro, Admx.,* v. *City of Cleveland,* 157 Ohio St., 489, 106 N. E. (2d), 161, must be given serious consideration.

Section 4511.21, Revised Code, provides in part:

"No person shall operate a motor vehicle * * * in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and

*no person shall drive any motor vehicle \* \* \* in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. \* \* \*"* (Emphasis ours.)

The statute continues by making it prima facie unlawful for a person to operate an automobile at a speed greater than 25 miles an hour in the area of the city in which this accident occurred. It is conceded that plaintiff was driving at a prima facie unlawful speed, but whether he violated the statute and was guilty of negligence was a question of fact for the jury, in the light of all attendant circumstances. A prima facie unlawful speed may be rebutted by evidence which a jury might find would bring such speed within lawful limits.

In *Ziebro, Admx.,* v. *City of Cleveland, supra,* will be found the following rules of law applied by the trial judge to this case:

"1. In an action where the negligence of the defendant is admitted or proved, contributory negligence on the part of the plaintiff is an issue, and the plaintiff's evidence raises a reasonable inference or presumption of negligence on his part, directly and proximately contributing to his injury, the burden is cast upon him to dispel or counterbalance such inference or presumption; a failure to do so will defeat a recovery by him and it then becomes the duty of the court to direct a verdict for the defendant.

"2. In an action involving the negligence of the defendant and contributory negligence of the plaintiff where, giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly and proximately contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, and it is the duty of the court in such case to direct a verdict for the defendant."

In applying the above rules, assuming that the plaintiff may have been guilty of negligence in operating his automobile at a prima facie unlawful speed, can it be said, as a matter of law, that his negligence in so driving proximately contributed to the accident, or that he was guilty of violating the "assured-

clear-distance-ahead statute," and that such violation proximately caused or contributed to cause the accident?

Fifteen years ago, the author of this opinion concurred in the case of *Pressing* v. *Roadway Express, Inc.,* 69 Ohio App., 1, 42 N. E. (2d), 720. It was there observed (at pp. 3-4):

"For several years, as shown by the decisions of the Supreme Court, that court has recognized that a failure to stop within the assured clear distance ahead, as provided in Section 12603, General Code [now Section 4511.21, Revised Code], might be excused, and that if the plaintiff established that the collision occurred without his fault and because of circumstances over which he had no control, he would be excused for such failure and avoid the legal implication of negligence; or, as is stated in some of the cases, under such circumstances he 'cannot be said, as a matter of law, to be guilty of violating' the statute.

"* * * in a recent case the Supreme Court, in the syllabus, has set forth a situation in which the excuse would be valid * * *. Paragraph two of that syllabus reads as follows:

" '2. To comply with the assured-clear-distance-ahead provision of * * * [the] General Code, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assurred clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.' *Smiley* v. *Arrow Spring Bed Co.,* 138 Ohio St., 81, 33 N. E. (2d), 3."

There has been a procession of cases following *Smiley* v. *Arrow Spring Bed Co., supra,* restating and refining the rule of the statute as "varying circumstances have pointed out the desirability of a more comprehensive definition." *Rogers* v. *Anchor Motor Freight, Inc.,* 95 Ohio App., 62, at p. 67, 117 N. E. (2d), 451. A few of the later cases are: *McFadden, Admx.,* v. *Elmer C. Breuer Transportation Co.,* 156 Ohio St., 430, 103 N. E. (2d), 385; *Sherer* v. *Smith, a Minor,* 155 Ohio St., 567, 99 N. E. (2d), 763; *Erdman* v. *Mestrovich,* 155 Ohio St., 85, 97 N.

E. (2d), 674, 31 A. L. R. (2d), 1417; *Bennett* v. *Krauss,* 100 Ohio App., 495, at p. 498, 137 N. E. (2d), 411.

The first two paragraphs of the syllabus of *Sherer* v. *Smith, a Minor, supra,* state the rule as follows:

"1. The 'assured-clear-distance-ahead' rule * * * has no application in a situation where a * * * motor vehicle * * * suddenly enters the path of another motor·vehicle in such manner that the operator of such other motor vehicle is afforded no rea·· sonable opportunity to stop his vehicle and avoid a collision.

"2. For such rule to apply it must appear that a person, motor vehicle or other object came into the view of the operator at a point sufficiently distant ahead to enable such operator, in the exercise of ordinary care, to stop his vehicle and avoid a collision."

Before making application of the law to the facts, it is further observed that the plaintiff, while testifying that he saw the parked taxicab when more than 200 feet away, further testified that when he reached McPherson Avenue he could see ahead of him "approximately fifty feet with the headlights."

If we accept this latter evidence as conclusive, then we must find that fifty feet was the plaintiff's "assured clear distance ahead" as he crossed McPherson Avenue, and at the time when the taxicab pulled away from the curb and into his path; although he had previously stated that he saw the parked taxicab when 200 feet away.

As heretofore indicated, the taxicab, for the purposes of this case, pulled away from the curb and into plaintiff's path at a distance of thirty feet ahead, thereby suddenly lessening the assured clear distance ahead from at least fifty feet to thirty feet.

Traffic engineers tell us that the distance a car will travel from the moment a driver perceives a hazardous situation until the brake application commences is known as "reaction distance," and that the time which elapses from the instant a driver sees danger until he applies the brakes is called the "reaction time." This "reaction distance" and "reaction time" varies with individuals.

The soldier is well aware of this phenomenon when aiming and firing his rifle on target while shooting in competition with his fellow.

This observation is made in connection with the testimony of the plaintiff to the effect that he could not tell whether or not he applied his brakes before the collision. If he did not apply his brakes, such fact would have a bearing upon the distance between the cars when the "U turn" of the taxicab was under way.

It is common knowledge that, after the brakes are applied, a car will travel an additional "vehicle stopping distance," or in other terms a "braking distance." This distance, of course, varies with the kind and condition of the highway.

Under the facts and circumstances heretofore related, can a court say, as a matter of law, that plaintiff's prima facie negligence in driving at a speed of thirty miles an hour, with an assured clear distance ahead of at least fifty feet, was a proximate cause of the accident, when his assured clear distance ahead was suddenly reduced to thirty feet by an unexpected movement of a parked vehicle into his line of travel?

We cannot reach a decision in this case from the view of whether or not we would set aside a verdict for the plaintiff upon the weight of the evidence. Our concern here is whether the defendant is entitled to a judgment as a matter of law.

Heretofore in this opinion we have set out the rules pronounced in *Sherer* v. *Smith, a Minor,* 155 Ohio St., 567; and, in connection therewith, can we say that the taxicab driver did not drive his car suddenly into the path of the plaintiff's car in such a manner that the plaintiff was "afforded no reasonable opportunity to stop his vehicle and avoid a collision"?

Can we further say that, had the plaintiff been driving his car at the prima facie legal rate of speed of 25 miles an hour, he could have stopped his car before the accident?

We are of the belief that the issues of the defendant's negligence proximately causing the accident, as well as the issues of plaintiff's negligence proximately causing or contributing to cause the accident, were for the jury; and while the evidence of plaintiff's speed (driving 30 miles an hour in a 25-mile-an-hour zone) shows him to have been driving at a prima facie unlawful rate of speed, nevertheless, assuming such driving negligent, the evidence does not justify the drawing of an inference as a matter of law that his negligence proximately caused or contributed to cause the accident.

Apposite the heretofore-quoted paragraphs of *Ziebro, Admx., v. City of Cleveland, supra,* we hold that the second paragraph of the syllabus of *Ayers* v. *Woodard, Sheriff,* 166 Ohio St., 138, 140 N. E. (2d), 401, states the rule for the case here under consideration:

"2. In order to sustain * * * a motion for a directed verdict, the evidence received upon the trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in disposing of either of such motions. (Paragraph two of the syllabus of *McNees* v. *Cincinnati Street Ry. Co.,* 152 Ohio St., 269, and paragraph one of the syllabus of *Durham* v. *Warner Elevator Mfg. Co.,* 166 Ohio St., 31, approved and followed.)"

The judgment will be reversed, and the cause remanded for trial.

*Judgment reversed and cause remanded.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.

DOYLE, J., of the Ninth Appellate District, sitting by designation in the First Appellate District.