MOTORISTS MUTUAL INSURANCE CO., APPELLEE, *v.* GRISSOM, APPELLANT.*

(No. 679—Decided June 8, 1962.)

*Mr. Frank W. Petrancek*, for appellee.
*Messrs. Ailes & Stridsberg*, for appellant.

BROWN, P. J. As the result of a subrogation agreement plaintiff became the owner of a claim for automobile collision damage against defendant Grissom. Grissom had collided with

*Motion to certify the record overruled (37743), January 16, 1963.

the rear portion of the vehicle causing damage, violating the assured-clear-distance provisions of Section 4511.21, Revised Code.

There being no question of causation and no claim of contributory negligence, defendant at the trial attempted to excuse this violation and escape the imposition of liability, which violation of this statute under the circumstances imposes as a matter of law in the absence of excuse.

The excuse offered was malfunction of the foot brakes. Defendant claimed that she attempted to apply the brakes, discovered that they were not working effectively enough to stop the car and avoid the collision, and that she then had insufficient time to pump the brakes or apply the emergency.

The trial court found for the plaintiff, and in its requested finding of fact said:

"The court finds that the defendant was the operator of the motor vehicle and that by her operation ran into the rear of plaintiff's automobile; that she applied, or attempted to apply, her brakes at too short a distance away from the stopped automobile to allow her to pump the brakes or make any other effort to use her secondary brake systems or any other effort other than to divert the automobile to avoid the collision; that the operation of said automobile caused the damage set forth in plaintiff's petition."

To show a valid excuse for noncompliance with Section 4511.21, Revised Code, the party violating the statute must establish that, without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible. *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St., 471.

The finding of facts indicates that there was no valid excuse since the fault was that of the driver and arose out of circumstances over which the driver had sole control.

The affirmative and uncontradicted evidence shows that the foot brakes were functioning and would have stopped the car if applied in time. The evidence further shows that the car was equipped with a functioning hand brake. Under these circumstances the requirement of Section 4511.21, Revised Code, is absolute. The violation occurred because of circumstances over which the defendant had control. The trier of the facts

was justified by the evidence in so finding. *State* v. *Kotapish*, 171 Ohio St., 349.

That ordinary or even extraordinary care has been exercised after a sudden or unexpected emergency has arisen will not excuse noncompliance with the assured-clear-distance rule.

It is the opinion of this court that the absolute requirement of Section 4513.20, Revised Code, eliminates brake failure as an excuse for violation of Section 4511.21, Revised Code. See *Prunty* v. *Vandenberg*, 257 Wis., 469, 44 N. W. (2d), 246.

*Judgment affirmed.*

DONAHUE and GRIFFITH, JJ., concur.