DURRETT, APPELLEE, *v.* UMSTEAD, APPELLANT.

254

(No. 7422—Decided January 14, 1964.)

*Messrs. Volkema, Wolske & Bopeley,* for appellee.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Herbert R. Brown,* for appellant.

Troop, J. Plaintiff in the trial court, Bertha Durrett, alleges that she was involved in an accident at the intersection of State and Home streets in the city of Westerville on March 11, 1962, at approximately 3:45 p.m. The 1960 Ford, in which she was a passenger, was going north on State Street and had stopped for a traffic light at the intersection. While waiting for the traffic light to change, a 1956 Chevrolet, driven by the defendant, Carol Jean Umstead, drove into the rear of the 1960 Ford while proceeding at a speed greater than would allow her to stop within the assured clear distance ahead. These and other allegations are contained in plaintiff's petition.

The defendants in the trial court, the driver of the Chevrolet and her father, the owner of the car, admitted the location of the collision and the fact of the collision in the answer filed. A general denial, contained in the answer, put in issue the other

facts alleged. At an appropriate time Homer Umstead, father of the driver of the Chevrolet and its owner, was dismissed as a party defendant. Reference hereafter is to the plaintiff, Bertha Durrett, and the defendant, Carol Jean Umstead, as plaintiff and defendant.

Trial was had in the Columbus Municipal Court before a jury of six. At the close of all the evidence plaintiff made a motion for a directed verdict in her favor. The court sustained the motion as to the negligence of the defendant and advised the jury that two questions remained for them to decide, the question of proximate cause and the question of the amount of the damages sustained by the plaintiff. The jury was instructed that the defendant was negligent.

At the close of the proceedings the trial court sustained a motion for separate findings of fact and conclusions of law on the basis of the verdict that was given. The motion was sustained and the findings and conclusions of the court were incorporated in the decision of the court, together with a judgment for the plaintiff, in the amount determined by the jury, and an order overruling defendant's motion for a new trial. The decision, with all of its ramifications, was entered on the court's half-sheet on June 13, 1963. It is from this judgment and final order that this appeal is taken.

Defendant predicates her appeal to this court on three assignments of error.

"1. The court erred by directing a verdict in plaintiff's favor, thereby precluding the jury from resolving disputed questions of fact and precluding the jury from deciding whether the defendant acted as a reasonably prudent person confronted with a brake failure should have acted.

"2. The court erred by resolving fact questions by a 'preponderance of the evidence' rather than construing the facts most strongly in defendant's favor.

"3. The court erred by its refusal to admit into evidence defendant's exhibits."

The really controversial matter in this appeal is pointed out in the first assignment of error. It relates to the increasingly recurring problem presented in the cases involving a violation of Section 4511.21, Revised Code, the so-called assured-clear-distance statute, in which relief is sought from the opera-

tion of the statute by the violator. Several basic generalizations, by way of reminder, are pertinent. Section 4511.21, Revised Code, has been rigidly applied by the courts. It is a harsh rule of law. It is a statute regulating the speed of vehicles. It has been uniformly held to be a statute establishing a standard of care required for the protection of the public, a violation of which constitutes negligence per se. Our difficulties arise out of the defenses, either pleaded or developed during trial, presented in the hope of finding relief from the rigid imposition of the rule, as in the instant case.

Some advantage may come from separate examination of the several parts of the composite first assignment of error. The trial court directed a verdict for the plaintiff as to the negligence of the defendant. It pointedly told the jury that the defendant was negligent. It was in error only if we have before us a factual setting in which reasonable minds may come to different conclusions as to whether defendant violated the assured-clear-distance-ahead statute, or, in view of all of the facts, was simply negligent. An examination of the testimony of the defendant, herself, particularly under cross-examination, leads to the conclusion that the trial court was correct in finding that reasonable minds could not differ. Three cars had stopped for a red traffic light at Home and State streets, and the defendant saw that red traffic light when she was a block away, at the time she was starting through the intersection at which she had stopped, starting when the light turned from red to green. If she failed to see the stopped cars it was not because they were not discernible. (See paragraph two of the syllabus, *Gumley, Admr.*, v. *Cowman* (1934), 129 Ohio St., 36.)

Our next problem arises as we are presented with the argument of counsel for the defendant that his client was ''confronted with a brake failure.'' Such evidence in the record presents a jury question, says counsel, and the trial court erred in keeping the matter from them. There is ample support for the proposition that a defendant, in a position such as this one, may lift the harsh burden of the assured-clear-distance rule by establishing relief from its requirements by a preponderance of the evidence. Clear lines of distinction are not discernible, but the available relief is essentially of two kinds. In one category

are those illustrated by the rule set out in *Smiley* v. *Arrow Spring Bed Co.* (1941), 138 Ohio St., 81, and other subsequent decisions, where the assured clear distance of a driver is suddenly cut down by the entrance of an obstacle into his path or line of travel which renders him unable to stop his vehicle in the exercise of ordinary care.

In contrast to the category of relief afforded by a positive act of someone else is the second group of situations to which we most commonly apply the label "emergencies." Frequent reference is to the "emergency doctrine" in these cases. Identifying marks of this category are difficult to summarize. A starting point is afforded by the case of *Bush, Admr.,* v. *Harvey Transfer Co.* (1946), 146 Ohio St., 657. Paragraph two of the syllabus describes the legal excuse. In part, it reads as follows:

"* * * must be something which makes it impossible to comply with the safety legislative enactment, something over which the driver has no control, an emergency not of the driver's making * * *."

In *McLain* v. *Ford* (1961), 115 Ohio App., 69, we find the descriptive terms "unforeseeable" and "uncontrollable." Stronger terms appear in *Peters* v. *Weaver* (1954), 97 Ohio App., 31, the relief is to be afforded when the driver is confronted "with circumstances of unanticipated peril and imminent danger."

Whatever terms may seem appropriate in given cases, and therefore used by the court, all of them seem to convey the idea of suddenness or the quality of being unexpected. Always present is the basic idea that it is a circumstance beyond the driver's control. This is a background to the questions in the instant case. Was sufficient evidence adduced to show an "emergency" situation? Did the defendant offer facts from which it may be inferred her violation was due to the emergency? If an inference were there the questions of liability and proximate cause were for the jury. (*Satterthwaite* v. *Morgan* (1943), 141 Ohio St., 447.)

Specific authority resolving our particular question avoids the court's research. Some help is afforded by *Tenhunfeld* v. *Parkway Taxi Cab Co.* (1957), 105 Ohio App., 425, which involves the category of relief where the assured clear distance is

suddenly cut down. The court held that in such a case the question as to whether the driver was exercising ordinary care at the time was a mixed question of law and fact.

The "emergency" category invites the application of a rule as strong or stronger than that in the *Tenhunfeld case, supra.* It is suggested by the court in the *Peters case, supra,* that a driver confronted "with circumstances of unanticipated peril and imminent danger" should not be held to a standard of care that the prudent person would exercise when no peril or danger is present. These refinements in the applicability of legal concepts are more than mixed questions of law and fact.

Whether sufficient facts are present to raise an inference is a legal concept. Whether danger is sufficiently imminent to make the prudent-person standard inapplicable is a legal question. The trial court's second finding of fact indicates that it applied the prudent-person rule and, logically, it must have excluded the inference of an emergency. Testimony of the defendant herself is sufficient to justify the conclusions of the trial court. She was traveling only 15 m. p. h., observed the red traffic light when just through the intersection at which she was stopped, was three-fourths of a block away from the car she struck when she pumped her brakes, and had an emergency brake in working order. The *McLain case, supra,* offers some support for the trial court in directing its verdict. Although not squarely in point, the rule suggested is that where there is no evidence to support a theory of unavoidable accident, it is error to submit the issue to the jury.

To assume that every rear-end collision is evidence of a violation of the assured-clear-distance statute is untenable. The cause of such an accident may not be speed greater than will enable the driver to stop within the assured clear distance, but rather, just plain negligence, or failure to behave under the given circumstances as a reasonably prudent person would. So it appears to have been in the instant case. The failure to make this distinction may explain the results reached in some current case decisions.

Two such recent decisions cited by counsel deserve consideration here. *Millhorn* v. *Donaldson Baking Co.* (1961), 117 Ohio App., 501, is interesting as to the rule announced and also

because of the observation concerning the evidence in the case. On page 505, the rule is set out as follows:

"* * * a failure to use a second braking system has never been considered a legal excuse for a violation of the assured clear distance requirement of the statute."

And also on page 505 is an observation as to the record before the court, as follows:

"There is nothing in the evidence before us to indicate that the second braking system required by statute was not in good working order. We must therefore assume that such other brake was able to stop the bakery truck if it had been applied."

So, in the instant case nothing in the record indicates that the other brake was not functioning and it is abundantly clear that the defendant made no effort to use it.

The other recent case is *Motorists Mutual Ins. Co.* v. *Grissom* (1962), 117 Ohio App., 464. The decision indicates that the trial court had made a finding of fact about which the Court of Appeals speaks, as follows:

"The finding of facts indicates that there was no valid excuse since the fault was that of the driver and arose out of circumstances over which the driver had sole control."

Construing all of the evidence most favorably to the defendant there can be but one conclusion. In the language of the *Grissom case, supra,* the fault was that of the driver and arose out of circumstances over which she had control.

The court does refer to a "preponderance" of the evidence in its decision, but such a reference when the record indicates a proper basis for its direction is not prejudicial nor can the exclusion of the exhibits be so regarded. The second and third assignments of error are not well taken.

The judgment of the trial court is affirmed and the appeal is dismissed at appellant's costs.

*Judgment affirmed.*

Duffy, P. J., and Duffey, J., concur.