JC PENNEY INSURANCE COMPANY ET AL., APPELLANTS, *v.* ABBINGTON, APPELLEE.

(No. 83AP-792—Decided
February 14, 1984.)

*Messrs. Schilder & Haines* and *Mr. Joseph W. Schilder,* for appellants.
*Mr. John C. Hemphill,* for appellee.

NORRIS, J. Plaintiffs, JC Penney Insurance Co. and Mary B. Robinson, appeal from an order of the trial court rendering judgment for defendant, Charles L. Abbington, and dismissing their complaint. The issue raised by the appeal is whether the circumstances under which defendant drove his automobile into the rear of plaintiff Robinson's automobile, amount to a sudden emergency which excuses defendant from the operation of the assured-clear distance-ahead-statute.

Robinson testified that she had driven her automobile up the entrance ramp onto I-70 and was eastbound in the right lane; that it was raining; that she slowed her vehicle to permit a truck in the lane to her left pass by so that she could move into that lane; that as the truck went by, garbage started pouring out and she "slowed way down because [she] couldn't see at all" and her automobile was struck from behind by another vehicle; and that her automobile had not begun to change lanes when the accident occurred.

Defendant testified that it was raining; that "Miss Robinson was already on — in the lane of traffic" when he came up the entrance ramp and into that lane; that he did not recall seeing her as she came up the ramp; that the truck passed him and "everything was blowing all out of the truck, and he just kept going east on the freeway there, and stuff. He just throwed stuff all over, glass bottles, tin cans, and caused a number of accidents up there;" that he saw Robinson's vehicle in front of his and attempted to apply his brakes and collided with the rear of her automobile; that the debris from the truck covered at least three lanes, including the one in which he was traveling; that he did not know how fast Robinson was traveling; that he could not avoid the accident "because after I — when I saw her car coming up — I saw her car sitting there, and then the stuff was still flying, see, so what I did, I applied the brakes because it was raining, and I couldn't get over because here come this truck, and I couldn't see myself going in that guardrail over there" to his right; that the first time he saw Robinson's automobile after coming up the ramp was "[a]fter the garbage truck had passed me, because I was going to move over to the next lane, myself, and this truck came past, and that took that up so I couldn't get over, and when I saw Miss Robinson's car, that's when I applied my brakes and my car just slid"; and that her vehicle was in his lane of travel when they collided.

The police officer who investigated the accident testified that the amount of garbage and debris he observed on the roadway was "very extreme," and that the front of defendant's vehicle had collided with the rear of Robinson's automobile.

In its decision, the trial court found that Robinson was not negligent and that:

"* * * [T]he law is clear that where there is a substantial intervening factor that makes it impossible for you to observe the doctrine of assured clear distance ahead, that you are absolved from negligence.

"* * *

"The Court feels that this dump truck * * * plus the dumping of the debris all over the highway and all over

Mr. Abbington's car and his windshield was certainly an intervening factor where a reasonably prudent person would not be able to stop their car in time to prevent it from hitting Mary Bell Robinson's car; and, therefore, * * * the plaintiff has not proven by a preponderance of the evidence * * * that Mr. Abbington was negligent. * * *"

Plaintiffs raise one assignment of error:

"The judgment of the trial court is wholly against the manifest weight of the evidence and is erroneous as a matter of law."

R.C. 4511.21(A), the assured-clear-distance-ahead statute, reads in pertinent part as follows:

"No person shall * * * drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The statute imposes a specific safety requirement, the violation of which amounts to negligence *per se* (negligence as a matter of law). *Woods* v. *Brown's Bakery* (1960), 171 Ohio St. 383 [14 O.O.2d 145]. The only circumstances under which a driver's compliance may be excused are those which arise out of sudden emergencies which change the situation in which the driver finds himself, but which do not arise by reason of his own failure to comply with the rule. *Smiley* v. *Arrow Spring Bed Co.* (1941), 138 Ohio St. 81, at 88 [20 O.O. 30]. As a practical matter, the only sudden emergency which has been specifically recognized by our Supreme Court as excusing compliance with the assured-clear-distance-ahead rule is one where the driver's assured clear distance ahead is, without his fault, suddenly cut down by the entrance into his path of some obstruction which renders him incapable, in the exercise of ordinary care, of avoiding a collision with the obstruction. *Cox* v. *Polster* (1963),

174 Ohio St. 224, at 226 [22 O.O.2d 220]; *Smiley* v. *Arrow Spring Bed Co., supra,* paragraph two of the syllabus. Under these circumstances, compliance is excused because the rule simply does not apply to the circumstances resulting from the sudden emergency — the driver's previous assured clear distance ahead, through no fault of his own, no longer exists.

Although we have discussed sudden emergency as a legal excuse separate and distinct from the sudden-interruption exception (see, *e.g., Durrett* v. *Umstead* [1964], 2 Ohio App. 2d 253 [31 O.O.2d 375], a brake-failure case), sudden emergency as a separate exception is not ordinarily available to one who has violated the assured-clear-distance-ahead statute. *Transportation Corp.* v. *Lenox Trucking, Inc.* (1968), 15 Ohio St. 2d 1 [44 O.O.2d 1], paragraph one of syllabus.

In any event, the facts of this case do not establish a sudden emergency which would excuse defendant's violation of the specific safety statute. Defendant's assured clear distance ahead between his vehicle and that of Robinson was not cut down by the garbage. Nor did the garbage result in a condition which rendered defendant incapable, in the exercise of due care, of stopping his automobile within the assured clear distance ahead. While the garbage may have created a situation which was distracting, it did not create a sudden emergency of the nature that would relieve defendant from complying with the assured-clear-distance-ahead statute in relation to Robinson's vehicle. See facts in *Cox* v. *Polster, supra.* Even when confronted with a sudden emergency, a driver is still required to exercise ordinary care in responding to the new situation. Here, Robinson and defendant were confronted with the same situation and Robinson was able to keep her automobile under control while defendant was not.

We are not called upon to decide if a sudden emergency of a nature which would excuse compliance with the assured-clear-distance-ahead statute would exist had the garbage completely obscured defendant's vision and rendered the roadway so slippery that defendant could not have brought his automobile to a stop within what otherwise would have been the assured clear distance ahead, because the evidence at trial does not support the existence of such circumstances.

The assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and
cause remanded.*

McCORMAC and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.