OPINION AND JUDGMENT ENTRY
This appeal of a summary judgment comes to us from the Erie County Court of Common Pleas. There, a trucker was denied his personal injury claims, arising from a traffic accident. Because we conclude that there exist genuine issues of material fact, we reverse the trial court's decision.
Appellant, Jarrett Abraham, drives trucks for United Parcel Service ("UPS"). On the evening of January 24, 1994, appellant drove his UPS semi-tractor-trailer rig eastbound on the Ohio Turnpike in a heavy snow. According to appellant, conditions were so bad that he slowed his rig to between "34 to 37" miles-per-hour.
Shortly after 8:00 p.m., appellant was passed by a semi-truck owned by appellee, Werner Enterprises, and operated by one of its employees. The Werner truck, which appellant estimated was traveling at approximately fifty miles-per-hour, was followed by three passenger cars. According to appellant, as soon as the last car passed him, he observed the Werner truck (which was still in the passing lane) appear to go out of control. The truck eventually jackknifed and came to rest with its trailer blocking both eastbound lanes.
Appellant testified in his deposition that when he saw the Werner truck begin to jackknife, he began braking and started to slide. Concerned that he might slide into the passenger cars between him and the Werner truck, appellant steered his truck into the median where it too jackknifed. Even though appellant's truck never made contact with the Werner truck or the passenger cars, he was injured in the crash. Appellant was apparently cited for an assured clear distance violation,[1] but pled no contest to an alternate offense. The record does not reflect the exact charge.
Appellant brought a negligence suit against appellee, seeking compensation for his injuries. Following discovery, appellee moved for summary judgment, arguing that appellant's assured clear distance citation made him negligent per se, and that appellant's negligence was the sole cause of his injuries. Without explanation, the trial court granted appellee's motion. From this decision, appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, WHEN THE DEFENDANT'S NEGLIGENCE WAS THE CAUSE OF THE CRASH OF THE PLAINTIFF, THAT PLAINTIFF'S ACTIONS FALL WITHIN THE SUDDEN EMERGENCY EXCEPTION TO THE ASSURED CLEAR DISTANCE RULE, AND THAT A SUBMISSION OF THESE QUESTIONS TO A TRIER OF FACT IS REQUIRED."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Nat'l. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293.
Since the trial court failed to offer any explanation as to why it chose to grant summary judgment in this case, we shall assume that it was for a reason postulated by appellee.
First, appellee makes the rather novel assertion that a mere citation for an assured clear distance violation constitutes negligence per se. In support of this proposition, appellee cited a number of cases which have held that a violation of the statute is negligence per se. See, e.g., J.C. Penney Co. v. Abbington
(1984), 14 Ohio App.3d 26, 28; Coronet Ins. Co. v. Richards
(1991), 76 Ohio App.3d 578, 584. However, appellee failed to provide any authority that a mere citation for the offense constitutes any negligence.
In this case, appellant did not plead or otherwise admit to any assured clear distance violation. Whether indeed he did violate the statute is then a question of fact not resolvable on summary judgment. Civ.R. 56(C). Moreover, in the context of the comparative negligence statutes, we fail to see how, even were there proof that appellant was in some degree negligent, that this would absolve appellee of its own negligence. See Junge v.Brothers (1985), 16 Ohio St.3d 1, 4; also former R.C. 2315.19(B); cf. Mitchell v. Ross (1984), 14 Ohio App.3d 75, 77-78.
Appellee also insists that it was "absolved of liability" by intervening causes which broke the chain of proximate causation between its truck jackknifing and appellant's injuries. The first of these was when the three passenger cars between the jackknifed truck and appellant's truck were able to come to a stop. Second is what appellee characterizes as appellant's admission that he "deliberately drove into a ditch."
Initially, we note that there is no evidence in the record that the passenger cars were safely able to stop. Even if the record reflected that fact, we fail to see the correlation between passenger cars successfully avoiding a developing accident as opposed to a fully loaded semi rig that did not.
Considering the commonly known principles of inertia, we cannot say that appellant's truck, so loaded, could in the mind of appellant, stop in time to avoid an accident. This is especially evident by the fact that appellant began to slide due to highway conditions, as soon as he applied his brakes.
With respect to appellant's decision to take his truck into a ditch, intervening causation, which supersedes a defendant's negligence, "* * * is not proven if the alleged intervening cause was reasonably foreseeable by one who was guilty of negligence." Queen City Terminals, Inc. v. General AmericanTransportation Corp. (1995), 73 Ohio St.3d 609, 619-620. In this case, it is foreseeable that driving a truck too fast in a snowstorm might cause it to jackknife and that one or more following vehicles might seek to avoid striking the rig. At the very least, this situation gives rise to a question of fact precluding summary judgment.
Accordingly, construing the facts most favorably to the nonmoving party, we must conclude that questions of material fact exist in all areas raised by appellee in his motion. Therefore, the trial court erred in granting summary judgment. Appellant's single assignment of error is well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.
[1] Appellee cites to a traffic witness statement as an exhibit to its brief, but it in neither attached there nor has such a statement been made a part of the record.